UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          (For Online Publication Only)
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                      **MEMORANDUM & ORDER**
                                                      19-cr-00429-JMA-SIL-2

                    -against-
                                                      **FILED**
                                                      **CLERK**
ELIAS SANTOS RODRIGUEZ,
                                                      12:15 pm, Aug 21, 2024

                                    Defendant.        **U.S. DISTRICT COURT**
-------------------------------------------------------------------X  **EASTERN DISTRICT OF NEW YORK**
                                                      **LONG ISLAND OFFICE**
**AZRACK, United States District Judge:**

    Defendant Elias Santos Rodriguez moves under 18 U.S.C. § 3582(c)(2) and U.S.S.G. §

1B1.10 for a two-point reduction in his sentence based on the "zero-point offender" amendment

to the U.S. Sentencing Guidelines ("Guidelines"). (ECF No. 152.) The Government opposes the

motion. (ECF No. 154.) Mr. Rodriguez timely replied. (ECF No. 155.) For the below reasons,

the motion is granted.

## I.      DISCUSSION

    Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the

defendant was originally sentenced to a term of imprisonment based on a sentencing range that

has subsequently been lowered by the Sentencing Commission when that modification is made

retroactive." United States v. Torres, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024) (Chin, J.)

(citing United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must

first "determine the amended guideline range that would have been applicable to the defendant if

[the amendment] had been in effect at the time the defendant was sentenced." United States v.

Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)). If the defendant

is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after

considering the factors set forth in section 3553(a) and if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." <u>Torres</u>, 2024 WL 621554, at *1 (quoting <u>Martin</u>, 974 F.3d at 136).

Section 1B1.10(a)(2)(B) provides, however, that "[a] reduction in the defendant's term of imprisonment ... is not authorized under 18 U.S.C. § 3582(c)(2) if ... [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). And § 1B1.10(b)(2)(A) provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range." <u>Id.</u> § 1B1.10(b)(2)(A). "Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2)." <u>United States v. Ross</u>, 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.[1]  <u>See</u> U.S.S.G. § 1B1.10(d).  Part A of the Amendment addresses "status points," which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case.  <u>United States v. Tejeda</u>, 2024 WL 1676329, at *2 n.1 (S.D.N.Y. Apr. 18, 2024).  The Amendment decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points.  <u>See</u> U.S.S.G. § 4A1.1(e).  Part B of the Amendment provides a decrease of two offense levels for "Zero-Point Offenders" (offenders

---

[1]     Although the zero-point offender amendment is retroactive, "[t]he court shall not order a reduced term of imprisonment based on [that amendment] unless the effective date of the court's order is February 1, 2024, or later." U.S.S.G. § 1B1.10(e)(2).

who have no criminal history points) and whose offense did not involve specific aggravating factors.[2]  Id. § 4C1.1.

All agree that Mr. Rodriguez is eligible for a modification of sentence.  (See ECF No. 152, at 2 ("Rodriguez Mot."); see also ECF No. 154, at 3–4 ("Gov't Opp."); ECF No. 143, at 3 ("Supl. PSR").)  The Court sentenced Mr. Rodriguez on April 27, 2023, to a term of imprisonment of 108 months, within the applicable Sentencing Guidelines range of 87–108 months.[3]  (ECF No. 131.) That range was based, in part, on the calculation that Mr. Rodriguez had zero criminal history points, resulting in a Criminal History Category of I.  (See Sent. Tr. at 4; see also ECF No. 103, at ¶ 33.)  As a result, Mr. Rodriguez's offense level is reduced by two levels from 29 to 27 under the Guidelines as amended.  (See Supl. PSR at 3.)  At offense level 27 and with a Criminal History Category of I, the amended Guidelines range is now 70 to 87 months' imprisonment.  (See id.; see also Gov't Opp. at 4.)

---

[2]     Under § 4C1.1, a defendant with zero criminal history points is eligible for a two-level reduction to his offense level if: (i) he did not receive an adjustment under § 3A1.4 (Terrorism); (ii) he did not use violence or credible threats of violence in connection with the offense; (iii) the offense did not result in death or serious bodily injury; (iv) the offense is not a sex offense; (v) he did not personally cause substantial financial hardship; (vi) he did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon; (vii) the offense is not covered by § 2H1.1 (Offenses Involving Individual Rights); (viii) he did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (ix) he did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.  See U.S.S.G. § 4C1.1(a)(2)–(10).  None of these aggravating factors are present in Mr. Rodriguez's case.  (See Supl. PSR at 2.)

[3]     On November 28, 2022, the Probation Department filed the PSR, which contained a Guidelines calculation for Mr. Rodriguez.  (ECF No. 103, at ¶¶ 22–32.)  According to that calculation, which considered the purity of the substance sold in a way that the parties had not, the base offense level was notably higher, at 38.  (Id. at ¶ 22 (citing U.S.S.G. §§ 2D1.1(c)(1)).)  Additionally, Probation included a two-point enhancement for maintaining a premises for the purpose of distributing controlled substances under U.S.S.G. §§ 2D1.1(b)(12).  Thus, Probation calculated the total Guidelines range as 210 to 262 months' imprisonment.  Notwithstanding the difference between the range calculated by the parties and that contained in the PSR—which the Government agreed was accurate—the Government recommended a term that was consistent with the Plea Agreement, i.e., within the range of 108 to 135 months' incarceration.  On April 27, 2023, at sentencing, this Court adopted the parties' lower calculation and, per Mr. Rodriguez's request, applied an additional two-level deduction for the statutory safety valve under 18 U.S.C. § 3553(f), bringing the Guidelines range down, from 108 to 135 months to 87 to 108 months.  (ECF No. 133, at 1.)  Although Mr. Rodriguez sought a sentence of 87 months' imprisonment, the Court sentenced him to a term that was at the bottom of the agreed-upon Guidelines range, but at the top of the range for which Mr. Rodriguez advocated.

Mr. Rodriguez argues the Court should reduce his sentence to an unnamed number of months between 70 and 87 months' incarceration.  (See Rodriguez Mot. at 3.)  In response, the Government argues the Court should decline to reduce Mr. Rodriguez's sentence at all because "the Court's original sentence of 108 months' imprisonment is reasonable, and a sentence within the range of 70 to 87 months' neither reflects the seriousness of the crime nor affords adequate deterrence to others engage in trafficking large quantities of narcotics in the Eastern District of New York and across the United States."  (Gov't Opp. 1.)

Upon re-reviewing the record of this case and carefully "consider[ing] anew all of the § 3553(a) factors that [I] originally considered at sentencing," United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024), I reduce Mr. Rodriguez's sentence by 21 months and find a 87 month term of imprisonment "to be the least restrictive sentence necessary to satisfy the statutory purposes of sentencing."  Id.; see also 18 U.S.C. § 3553(a).  In addition to the Section 3553(a) factors, the Court also considers Mr. Rodriguez's "post-sentencing conduct," most of which is exemplary and none of which is a cause for this Court's concern.  U.S.S.G. § 1B1.10, Application Note 1(B)(iii).  That said, Mr. Rodriguez's offense conduct was serious; he played an important role in a drug trafficking conspiracy involving more than 6 kilograms of methamphetamine with a relatively high level of purity.[4]  (See Gov't Opp. at 1–2.)  Accordingly, the Court resentences Mr. Rodriguez to 87 months' imprisonment, the top of the newly applicable Guidelines range.  All other components of the sentence remain as originally imposed.

---

[4]     At sentencing, this Court viewed Mr. Rodriguez as "one of the less culpable defendants in this crime."  Sent. Tr. at 13–14.  In Unites States v. Manueles, this Court recently reduced the sentence of Mr. Rodriguez's co-defendant—Adalberto Manueles—from 120 to 108 months' imprisonment based on the zero-point offender adjustment.  See Unites States v. Manueles, 2024 WL 2158118, at *2 (E.D.N.Y. May 14, 2024).

## II.    CONCLUSION

For the above reasons, Mr. Rodriguez's motion is GRANTED.  Mr. Rodriguez's term of imprisonment is reduced to 87 months' imprisonment.  All other components of the sentence remain as originally imposed.  The Clerk of Court is respectfully directed to close ECF No. 152.

**SO ORDERED.**

Dated:    August 21, 2024
             Central Islip, New York

_____
                                    /s/ JMA
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE